UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
SCRANTON DIVISION

THE INDEPENDENCE PROJECT, INC.,
a New Jersey Non-Profit Corporation, and
RONALD MOORE, Individually,

    Plaintiffs,

v.

Case No.

POCONO INTERNATIONAL
RACEWAY, INC., a Pennsylvania
Corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiffs, THE INDEPENDENCE PROJECT, INC., a New Jersey Non-Profit Corporation, and RONALD MOORE, Individually, on their behalf and on behalf of all other mobility-impaired individuals similarly-situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, POCONO INTERNATIONAL

RACEWAY, INC., a Pennsylvania corporation (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, THE INDEPENDENCE PROJECT, INC., is a non-profit corporation formed under the laws of the State of New Jersey and maintains its principal office at 1002 Central Avenue, New Providence, NJ 07974-1030, in the County of Union.

2. Defendant's property, Pocono Speedway, is located at 500 Long Pond Road, Long Pond, Pennsylvania, in the County of Monroe.

3. Venue is properly located in the Middle District of Pennsylvania because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See, also, 28 U.S.C. § 2201 and § 2202.

5. Plaintiff RONALD MOORE is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Moore is a quadriplegic and uses a wheelchair to ambulate and has limited use of is hands.

RONALD MOORE has patronized the racetrack which forms the basis of this lawsuit on several occasions and plans to return to the racetrack to avail himself of the goods and services and racing offered to the public at the property. He has definite plans to return to the racetrack on August 4, 2013. The Plaintiff has encountered architectural barriers at the subject property, which are enumerated in paragraph 10. The barriers to access at the property have endangered his safety, and adversely affected his ability to use the facilities. The Plaintiff is also a member of the Plaintiff organization, THE INDEPENDENCE PROJECT, INC., discussed below in para. 6.

6. Plaintiff THE INDEPENDENCE PROJECT, INC., is a non-profit New Jersey corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. THE INDEPENDENCE PROJECT, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. THE

has suffered an injury that would allow it to bring suit in its own right. THE INDEPENDENCE PROJECT, INC. has also been discriminated against because of its association with its disabled members and their claims.

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as POCONO SPEEDWAY, and is located at 500 Long Pond Road, Long Pond, Pennsylvania.

8. THE INDEPENDENCE PROJECT, INC. and RONALD MOORE have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to these property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. RONALD MOORE desires to visit Pocono Speedway not only to avail himself of the goods and services available at the property but to assure himself that these property are in compliance with the ADA so that he and others similarly-situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Pocono Speedway has shown that violations exist. These violations which RONALD MOORE personally encountered, include, but are not limited to:

**Parking**

a. Pocono Speedway fails to provide any striped accessible parking for disabled patrons, violating Section 4.6 of the ADAAG. Ronald Moore on numerous trips to the Speedway was directed to grassy areas while paved ground was available.

b. There are no compliant accessible routes from grassy parking areas to the facilities at Pocono Speedway; Ronald Moore was impeded by abrupt changes of level, rocky grounds, mud and other deterrents along the route to the Speedway, violating Section 4.3 of the ADAAG.

c. The parking provided does not provide compliant access aisles; Ronald Moore was forced to find multiple open spaces due to a lack of van accessible spaces as required by the ADAAG.

d. Pocono Speedway does not provide any accessible parking spaces and lack proper striping, access aisles, van aisles and identification signage for all spaces at

Pocono Speedway violating Section 4.6 of the ADAAG.

**Entrance Access and Path of Travel**

a. The path of travel for Ronald Moore from parking areas to Pocono Speedway entrances was impeded by slopes and uneven ground violating Section 4.3 of the ADAAG.

b. Throughout Pocono Speedway Ronald Moore was forced to endure excessive slopes along the path of travel within the interior of the speedway, violating Section 4.3 of the ADAAG.

c. The ramps to interior areas at Pocono Speedway fail to provide handrails, violating Section 4.8 of the ADAAG.

d. The connecting routes between areas contain barriers to access violating Section 4.3 of the ADAAG.

**Access to Goods and Services**

a. Counters for food and retail vending areas at Pocono Speedway are inaccessible to wheelchair users; Ronald Moore was unable to enjoy amenities freely at Pocono Speedway without assistance in violation of the ADAAG.

b. Picnic areas, tables and counters where food and beverages are consumed fail to provide accessible elements violating ADAAG requirements.

c. Ronald Moore was unable to access any picnic areas throughout Pocono Speedway due to a lack of accessible tables, violating Section 5 of the ADAAG.

d. Accessible Grandstand seating provided at Pocono Speedway fails to provide proper sightlines for Ronald Moore, violating ADAAG standards.

e. Restrooms are inaccessible to wheelchair users and no alternative location or directional signage is provided violating ADAAG standards.

f. Accessing grandstand seating and restrooms at Pocono Speedway is severely impeded by abrupt changes of level, improper slopes and a lack of handrails, violating Sections 4.3, 4.5.2 and 4.8 of the ADAAG. Ronald Moore nearly tipped out of his chair on multiple occasions due to these conditions.

**Restrooms**

a. Water closets in restrooms at Pocono Speedway have flush controls on the wall side and centerlines that violate Section 4.16 of the ADAAG.

b. The urinals in restrooms throughout Pocono Speedway are improperly mounted, violating Section 4.18 of the ADAAG.

c. The identification signs for restrooms at the facility violate the requirements of the ADAAG.

d. Entering restrooms at Pocono Speedway is impeded by slopes at the base of the door, violating Section 4.13 of the ADAAG, which creates an unsafe condition for Plaintiff, Ronald Moore.

e. Grab bars in restrooms are not provided or fail to comply with the ADAAG at Pocono Speedway. Restrooms closest to accessible seating did not provide any accessible elements and Mr. Moore could not use those restrooms.

f. Lavatories throughout Pocono Speedway are improperly mounted in violation of Section 4.19 of the ADAAG.

g. The toilet paper, soap and towel dispensers at Pocono Speedway are mounted beyond reach violating Section 4.2 of the ADAAG.

h. There are over six (6) stalls provided in several restrooms at Pocono Speedway with no ambulatory stall provided in violation of Section 4.22.4 of the ADAAG.

11. All of the foregoing cited violations are violations of both the 1991 Americans with Disabilities Act Guidelines (ADAAG) and the 2010 Standards for

7

Accessible Design, as adopted by the Department of Justice.

12. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly-situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public

accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. 36.302 *et seq.* Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between the Plaintiffs and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 C.F.R. 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public

accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter the Pocono Speedway to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of

the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

B. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: 7/30/13

Respectfully submitted,

David S. Dessen, Esq.
DESSEN, MOSES & ROSSITTO
600 Easton Road
Willow Grove, PA 19090
Telephone: (215) 496-2902
Facsimile: (215) 564-2879
Ddessen@dms-lawyer.com